## Ertel v. Brown

*John Felix,* for plaintiff.
*David Bahl,* for defendant.

BROWN, *J.,* April 16, 1992—Plaintiff, Allen E. Ertel, has filed a motion to disqualify David R. Bahl, Esq., counsel for defendant, William Brown. To understand this motion, one has to look at the complex and convoluted history of this case.

### HISTORY OF THE CASE

This complaint was filed by plaintiff Ertel, who is an attorney, on behalf of himself. It was filed on February 14, 1985. Defendants back then were as follows:

"Ohio Casualty Group-West American Insurance Co. and William C. Brown and Allen E. Ertel, d/b/a S&E Building Associates and John L. Bruch Agency Inc., defendants."

Plaintiff alleged that on August 29, 1983, defendant William C. Brown and Allen E. Ertel were doing business as S&E Building Associates and were the owners of the premises at 6 West Third Street, Williamsport, Pa. Plaintiff, Allen E. Ertel, was a tenant in this building which he owned in partnership with William C. Brown. Allegedly on August 29, 1983, a water closet on the second

floor of the building leaked and caused water damage to personal property of plaintiff Ertel. Apparently, William C. Brown and Allen Ertel, d/b/a S&E Building Associates, had taken out an insurance policy through the John L. Bruch Agency Inc. with the Ohio Casualty Group-West American Insurance Co. (hereinafter referred to as "West American") covering the property within this building. Allegedly, according to plaintiff Ertel, when this insurance policy was obtained from the John L. Bruch Agency, William Brown explained that they wanted coverage to cover the type of damage (water damage) which occurred in this case. Apparently, defendant, West American, denied coverage back in 1983. Thus, plaintiff Ertel filed his complaint against West American, S&E Building Associates, (which was himself and his partner, William C. Brown), and the John L. Bruch Agency Inc.

On September 9, 1985, attorney David Bahl, on behalf of defendants, William C. Brown and Allen E. Ertel, d/b/a S&E Building Associates, filed preliminary objections to plaintiff's amended complaint. By order of February 14, 1986, Judge Robert J. Wollet granted the preliminary objection to S&E finding plaintiff Ertel, in essence, lacked the capacity to sue himself.[1]

On June 25, 1987, defendant, West American, filed a motion for summary judgment. Judge Wollet by opinion and order of October 14, 1987, granted this motion and dismissed West American as a defendant in this action. Plaintiff, Allen E. Ertel, filed an appeal to the Pennsylvania Superior Court to this ruling. The Superior Court in a memorandum opinion dated December 1, 1988 affirmed

---

1. The previous judge on this case, Judge Robert J. Wollet, by order of June 20, 1985, sustained prior preliminary objections of defendant S&E, but allowed plaintiff Ertel 20 days to amend his complaint. In the same order, Judge Wollet granted a demurrer as to defendant Bruch Agency and dismissed the case to Bruch.

summary judgment and thus West American was released from the case as a named defendant.[2]

Thus, after years of legal battles and skirmishes on this 1985 complaint, plaintiff Ertel was left with one defendant, William C. Brown. Judge Wollet, in a prior opinion, had clarified William C. Brown's status as a defendant in this case by explaining that he was still in the case individually and in his capacity as manager of the premises which plaintiff Ertel occupied.

While we do not know when attorney David Bahl first became involved in this case, the first filing we find in the court file under his name is preliminary objections on behalf of defendants "William C. Brown and Allen E. Ertel, d/b/a S&E Building Associates," dated March 20, 1985. In perusing through the court file, we have seen at least one pleading filed by Mr. Bahl and verified by William C. Brown. For example, attorney Bahl, on July 2, 1986, filed an answer and new matter on behalf of William Brown which was verified by Mr. Brown by affidavit of June 6, 1986.

Before going beyond the history of this case to the merits of the motion to disqualify, one more historical area should be mentioned. On June 18, 1991, approximately a month before the present motion was filed, David Bahl, attorney for defendant, William C. Brown, filed a motion for sanctions requesting dismissal of this lawsuit because of alleged action of counsel with a corresponding motion for an en banc determination. The thrust of Mr. Bahl's allegation is that plaintiff Ertel has acted improperly

2. West American insured the building in question. Apparently, the dismissal of the cause of action against the insurance company was based on the fact that plaintiff Ertel's lawsuit was in violation of the insurance contract as it was filed more than one year after the loss and the sworn proof of loss filed by plaintiff was filed more than 60 days after requested by the insurance company.

by talking with Mr. Bahl's client, William C. Brown, about this lawsuit without the presence of Mr. Bahl on several occasions. Mr. Bahl thus contends his ability to fairly represent Mr. Brown has been compromised. He alleges Mr. Ertel violated several Pennsylvania Rules of Civil Procedure and Mr. Bahl requests dismissal of Mr. Ertel's action against Mr. Brown as the appropriate remedy. The Lycoming County Court, en banc, heard argument on this matter on October 2, 1991. However, we have deferred ruling on this matter granting Mr. Ertel's request for an evidentiary hearing to take testimony on the factual occurrences in regard to the issues. This hearing has not yet been completed. On October 9, 1991, counsel for Mr. Ertel, John Felix, Esq., filed an affidavit personally signed by William C. Brown, in which Mr. Brown disavows attorney Bahl's representation of him and, specifically, Mr. Bahl's motion for sanctions which seeks dismissal of Mr. Ertel's action against Mr. Brown. Mr. Brown, in the affidavit, indicates attorney Bahl has not been chosen by him as his attorney, but, rather, was retained by the insurance company which insured S&E Building Associates. Mr. Brown asserts attorney Bahl as not acting in his best interest[3] and contends that Mr. Bahl is not authorized to act on his behalf. Mr. Brown closes his affidavit by stating that he has reviewed the document with independent counsel prior to its being filed in this case.

### DISCUSSION OF PLAINTIFF ERTEL'S MOTION TO DISQUALIFY ATTORNEY BAHL

This motion was filed by the plaintiff on July 8, 1991. In the motion, plaintiff Ertel complains that attorney Bahl,

---

3. This assertion of Mr. Brown's is problematic because if Mr. Bahl's motion succeeds, the lawsuit against Mr. Brown filed by Mr. Ertel would be dismissed. Mr. Brown thus seems to be complaining about the possible dismissal of a cause of action against himself.

while representing Mr. Ertel and Mr. Brown as defendants, failed to protect their interest and rights against John Bruch Agency Inc. or West American Insurance Co., each of which secured dismissals of plaintiff's action. The motion complains that attorney Bahl has filed no claims over against third parties on behalf of Mr. Ertel or Mr. Brown. Finally, the motion alleges attorney Bahl has never consulted with Mr. Ertel as to any conflict of interest he may have due to his representation of Ertel as a defendant. The motion contends that attorney Bahl has violated Rules of Professional Conduct 1.2, 1.4, 1.7, 1.8 and 1.9. Mr. Ertel thus requests the disqualification of Mr. Bahl.

First, we find Mr. Ertel's motion to disqualify problematic because Mr. Ertel has no standing to raise any dissatisfaction that Mr. Brown may have with his attorney. Even if we accept the fact that Mr. Brown is legitimately desirous of Mr. Bahl being replaced in this case, such would not give Mr. Ertel the right to force a disqualification. This is a problem between Mr. Brown and his insurance carrier.

Next, it appears Mr. Ertel is asserting that attorney Bahl is in a conflict of interest position because he has represented Mr. Ertel as a defendant in this same case. While that is true, it is only true because Mr. Ertel has taken the unusual approach of suing himself and his partnership with Brown, S&E Building Associates. Obviously, some defense attorney in this case, representing Mr. Ertel and Mr. Brown, would have to find themselves in this theoretical conflict when Mr. Ertel has been both plaintiff and defendant in the same action. If somehow in this incredible scenario, the facts would show that Mr. Ertel as defendant had privileged contact with attorney Bahl where ideas or facts were communicated or expressed to Mr. Bahl about this litigation there might be a basis

for disqualification of attorney Bahl on a theoretical level. However, in reviewing the motions, pleading and briefs in this matter, it is clear attorney Bahl and Mr. Ertel, as defendant, had no such contacts. Basically, what attorney Bahl did for defendant Ertel was to file preliminary objections to plaintiff Ertel's complaint. By order of February 14, 1986, Judge Robert Wollet granted the objections finding that Mr. Ertel lacked the capacity to sue himself. It would seem nonsensical to allow plaintiff Ertel to disqualify attorney Bahl for successfully defending defendant Ertel and S&E Building Associates.[4]

The Rules of Professional Conduct which plaintiff Ertel claims attorney Bahl violated are clearly inapplicable to this case. Rule 1.2, "Scope of Representation" is not here invoked because Mr. Bahl does not represent Mr. Ertel at this time. As previously stated, Mr. Ertel as defendant cannot seriously argue that attorney Bahl violated his representation to him as a defendant by getting the complaint against him dismissed. Likewise, Rule 1.4, "Communication," is not violated in this case. How could attorney Bahl as attorney for defendant Ertel talk with Mr. Ertel who is also the plaintiff in the same matter? Mr. Ertel cannot complain as a prior defendant that Mr. Bahl embarked on a strategy to have the case dismissed. Further, Mr. Ertel as a plaintiff has no standing to object to attorney Bahl's actions related to a defendant.

Rule 1.7, entitled "Conflict of Interest" is not a basis for disqualification of Mr. Bahl. Any conflict here was inherent in Mr. Ertel filing a lawsuit in which he sued himself as a defendant. As previously stated, any attorney by necessity would be placed in this theoretically con-

---

4. There is also a waiver problem inherent in this situation. As stated, defendant Ertel was removed from this matter by order of February 14, 1986. Mr. Ertel as plaintiff has waited approximately five years to file this motion to disqualify attorney Bahl.

flicting situation. Since there were no confidences revealed by Mr. Ertel as a defendant which here prejudice him as a plaintiff, it would be unfair to allow him to control what attorney should now be able to represent Mr. Brown in this case.

Likewise, Rule 1.8, "Conflict of Interest: Prohibited Transactions" is not invoked by this case. Mr. Ertel is not and has not been a client of Mr. Bahl in this case since at least early 1986. Mr. Bahl apparently had been retained by defendant Ertel's insurance carrier to defend Mr. Ertel as a defendant in this action. This was successfully accomplished. We fail to see how these facts indicate a violation of Rule 1.8(f) as claimed by plaintiff Ertel.

Finally, we do not find Rule 1.9, "Conflict of Interest: Former Client" requires disqualification of attorney Bahl. As previously stated in this opinion, this situation is created by Mr. Ertel's efforts to, in essence, sue himself and his business. Further, this is not a case, as discussed by Rule 1.9(b), where an attorney uses information relating to representation to the disadvantage of a former client. There were no communications between attorney Bahl and Mr. Ertel as a defendant.

In conclusion, Mr. Ertel as plaintiff cannot disqualify attorney Bahl as counsel for Mr. Brown because he does not agree with Mr. Bahl's efforts to oppose his case. This case has been in the system for over seven years. Most of the problems here have been caused by the unlikely factual posture of the case.

Accordingly, the following will be entered:

ORDER

And now, April 16, 1992, the plaintiff's motion to disqualify attorney Bahl is denied.